UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UREALEEN WEEMAS,

    Plaintiff,

v.

Case No. 19-13086
Hon. Thomas L. Ludington

NURSE KING,

    Defendant.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Urealeen Weemas, who is presently confined at Michigan's Center for Forensic Psychiatry, has filed a pro se civil rights complaint. The complaint names Nurse King as Defendant, and it states in full: "Nurse King gave me the wrong med's after that my heart rate drop[ped and] my tongue is [still] tender." ECF No. 1 at PageID.3. For the reasons stated below, the Court will summarily dismiss the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for Plaintiff's failure to state a claim.

**I.**

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read plaintiff's pro se complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**II.**

Plaintiff's threadbare complaint alleges only that she was administered the wrong medication, and that it lowered her heart rate and caused tenderness in her tongue. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly*/*Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

Plaintiff's complaint fails to state a constitutional claim. She does not allege that Defendant intentionally or with deliberate indifference gave her the wrong medication. "The Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or

injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Lewellen v. Metropolitan Government of Nashville and Davidson County, Tenn.*, 34 F. 3d 345, 348 (6th Cir. 1994) ("it is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest."). Likewise, a complaint that a medical provider has been negligent in treating a medical condition does not state a valid claim under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). Thus, an Eighth Amendment claim of deliberate indifference must be supported by more than mere negligence. *See Harrison v. Ash*, 539 F.3d 510, 522 (6th Cir. 2008). Plaintiff fails to allege that Defendant subjectively perceived the facts giving rise to an inference of a substantial risk to Plaintiff, and that she actually and subjectively drew the inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Accordingly, the complaint fails to state a constitutional claim against Defendant, and the action is therefore subject to summary dismissal.

**III.**

Accordingly, it is **ORDERED** that the complaint is summarily **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

It is further **ORDERED** that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Dated: November 4, 2019                                             s/Thomas L. Ludington
                                                                    THOMAS L. LUDINGTON
                                                                    United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Urealeen Weemas,** Center for Forensic Psychiatry, 8303 Platt Road, Saline, MI 48176 by first class U.S. mail on November 4, 2019.

                                                   s/Kelly Winslow
                                                   KELLY WINSLOW, Case Manager